In the Matter of the Petition of William Francis RUPP, For Writ of Habeas Corpus.

No. 34686.

United States District Court
N. D. California, S. D.
June 24, 1955.

A. J. Zirpoli, San Francisco, Cal., for petitioner.

Clarence Linn, Asst. Atty. Gen., for respondent.

EDWARD P. MURPHY, District Judge.

Petitioner, William Francis Rupp, seeks a Writ of Habeas Corpus to test the legality of his detention in the California State Prison at San Quentin, where he is awaiting execution under a sentence of the Superior Court of the County of Orange, of the State of California.

This is petitioner's second appearance in this court. His first petition for a Writ of Habeas Corpus was denied on the ground that he had failed to exhaust his state remedies. Rupp v. Teets, D.C. N.D.Cal.1953, 117 F.Supp. 376. That ruling was affirmed in 9 Cir., 214 F.2d 312, and certiorari was denied by the Supreme Court of the United States, 348 U.S. 865, 75 S.Ct. 91, 99 L.Ed. 682. Petitioner thereafter sought a Writ of Habeas Corpus in the Supreme Court of California which was denied without opinion on November 17, 1954. On application in the Supreme Court of the United States for certiorari to the Supreme Court of California, certiorari was denied on March 28, 1955 in 348 U. S. 977, 75 S.Ct. 540, 99 L.Ed. 761.

Petitioner has therefore complied fully with 28 U.S.C. § 2254. This court entered an order to stay execution of petitioner on June 9, 1955, in order to consider petitioner's application for a Writ of Habeas Corpus.

Petitioner argues that his detention is illegal because he was convicted in the State Court without being accorded due process of law. Specifically, petitioner argues that his conviction of first degree murder was had without due process of law in that:

(1) The trial court remarked to the jury at the conclusion of the substantive portion of the trial, and before the trial of the issue of petitioner's sanity, that its verdict of "guilty" was "a good verdict;"

(2) The trial court allowed the same jury to sit on the issue of petitioner's sanity as had sat on the issue of the commission of the crime;

(3) The trial court excluded certain evidence which was offered to show petitioner's specific intent, or the lack of it, at the time of the commission of the acts in question, and also for the purpose of aiding the jury in assessing the proper punishment.

Petitioner failed to argue these objections to the conviction as federal constitutional questions on the appeal, but raised them in the petition for a Writ of Habeas Corpus in the Supreme Court of California. Petitioner infers from the fact that the latter petition was denied by the Supreme Court of California without opinion a failure by that Court to consider his contentions as Constitutional questions. The State of California asserts that petitioner has waived these objections, having failed to assert them on the original appeal. It would be difficult to imagine what, in addition to its original opinion affirming the conviction, the Supreme Court of California could have said in a disposition of petitioner's contention "as Constitutional questions". However, I am not called upon to speculate in this case upon the basis of the California Supreme Court's denial of the petition, nor am I called upon to inquire whether the waiver doctrine put forward by the State in this

case comes within the rule recently announced by the Supreme Court in Williams v. Georgia, 1955, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161. I am not called upon to do so in this case because petitioner's affidavit, his brief and oral argument through counsel, taken together with the transcript of the record in the trial court, fail to show in any case any deprivation of due process of law. The Writ of Habeas Corpus is available in the Federal Courts only where State convictions lack the essential elements of fair procedure, not as a substitute for an appeal on errors of law. Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268.

So far as petitioner relies on the remark of the trial court to the jury that the verdict of guilty was "a good verdict" to prove his contention (see p. 1038 of transcript), the California Supreme Court concluded that in the context of the other remarks made by the trial court and of his instructions to the jury, this phrase was not prejudicial to the petitioner, and I agree. See People v. Rupp, 1953, 41 Cal.2d 371, 383, 384, 260 P.2d 1.

The contentions of petitioner to which he attaches the most weight, are essentially the same that he made before the California Supreme Court. In substance, he avers that the trial court erred in excluding evidence bearing on petitioner's capacity to intend the commission of rape. The Supreme Court of California held that such evidence is irrelevant, since the only intent necessary to the commission of the crime charged is the intent to have intercourse. 41 Cal.2d 371, at page 380, 260 P.2d 1. The offers of proof made by petitioner and rejected by the trial court contained the testimony of several doctors to the effect that petitioner intended to have intercourse, and desired to have intercourse. No offer of proof contains contrary testimony. Petitioner contends that the California Supreme Court misconceived the nature of the intent necessary for the commission of the crime of rape or attempted rape, because it assumed that intent to have intercourse is equivalent to intent to rape. It would be equally valid to say that the Supreme Court of California has decided the issue as to say that it has assumed it.

This case is a clear example of the kind of question of State law which is not properly justiciable by a Federal Court on petitions for Writs of Habeas Corpus. Petitioner's argument, in sum, is that the California Courts have committed an error of law. No showing is made of suppression of evidence by the prosecution, of conspiracy by court and jury, of maltreatment, or of any other fundamental unfairness in the conduct of the trial. Petitioner alleges that any error of law which may have been committed is unfair as to him. This may be a proper use of language; it cannot, however, alter the duties imposed upon the Federal Courts by the structure of the Federal system. That system does not give the Federal District Courts power to sit as Courts of Appeal on questions of State law over the highest courts of the States, nor does 14 Stat. 385 (1867)[1] purport to confer such power.

In view of the above considerations, the order to show cause previously issued in this matter is discharged, the order for a temporary stay of execution previously issued by this court is discharged, and the petition for a Writ of Habeas Corpus is denied.

[1]. Now 28 U.S.C. § 2241 et seq.