[S. F. No. 19692.   In Bank.   June 14, 1957.]

WILLIAM FRANCIS RUPP, Appellant, v. HARLEY O. TEETS, as Warden of State Prison, etc., Respondent.

A. J. Zirpoli and P. Basil Lambros for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

THE COURT.—This is a motion to dismiss an appeal from an order and judgment denying a petition for a writ of mandate.

Appellant was sentenced to death following his conviction of first degree murder, and, on August 14, 1953, this court affirmed the judgment and the order denying a new trial. (*People* v. *Rupp*, 41 Cal.2d 371 [260 P.2d 1].) On November 17, 1954, and February 1, 1955, respectively, we denied his petitions for a writ of habeas corpus and for a stay of execution pending an appeal in that proceeding to the United States Supreme Court. That court denied certiorari on March 28, 1955. (*Rupp* v. *Teets*, 348 U.S. 977 [75 S.Ct. 540, 99 L.Ed. 761].) Thereafter, appellant sought unsuccessfully to obtain habeas corpus in the federal courts. (*In re Rupp's Petition*, 142 F.Supp. 821, aff'd, *Rupp* v. *Teets*, 235 F.2d 674; cert. den., 352 U.S. 900 [77 S.Ct. 139, 1 L.Ed.2d 92].)

The date set for appellant's execution was February 1, 1957. On the morning of that day, the mandamus petition involved here was filed in the Superior Court of Marin County on appellant's behalf by his sister to compel the warden of San Quentin prison to institute proceedings for the purpose of determining the present sanity of appellant. Immediately following the superior court's denial of the petition, an appeal was noticed to this court, and we stayed the judgment of death, pending final determination of the appeal.

It is settled that mandamus does not lie to compel a warden to institute proceedings for the purpose of determining the present sanity of a prisoner awaiting execution. (*Caritativo* v. *Teets*, 47 Cal.2d 304, 306 [303 P.2d 339].) In view of the record before us and the fact that the case is here on appeal, we cannot accept appellant's argument that we should disregard the form of the petition filed in the superior court and treat it as one for some other type of relief which might be available.

The motion to dismiss the appeal is granted, and the stay of execution heretofore granted is terminated. Let the remittitur issue forthwith.

CARTER, J.—I concur in the conclusion reached in the majority opinion on the same ground and for the same reasons expressed in my concurring and dissenting opinion in *Caritativo* v. *Teets*, 47 Cal.2d 304, 310 [303 P.2d 339].